IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGIONS COMMERCIAL EQUIPMENT
FINANCE, LLC                                                                                               PLAINTIFF

V.                                               CIVIL ACTION NO. 2:16-CV-110-KS-MTP

PERFORMANCE AVIATION, LLC, *et al.*                                            DEFENDANTS

### ORDER

For the reasons below, the Court **denies** Plaintiff's Motion for a Temporary Restraining Order [4], but the Court **holds in abeyance** Plaintiff's Motion for Preliminary Injunction [4], pending a hearing.

This is a breach of contract case. Defendant Performance Aviation, LLC obtained loans to purchase two aircraft. Each aircraft is collateral for its respective loan. The remaining Defendants – Wade Walters Consulting, Inc.; Prime Care Revenue Management, LLC; Prime Care Management Group, LLC; Wade Walters; and Dorothy E. Walters – guaranteed the loans.

On January 20, 2016, the United States seized the aircraft pursuant to warrants issued by this Court [1-9]. They have been and are currently being held in Houston, Texas, and Fort Lauderdale, Florida.

Plaintiff contends that Performance defaulted on the loans. Accordingly, Plaintiff accelerated the loans in February 2016, and it alleges that Defendants currently owe $5,683,697.50, excluding attorneys' fees and costs of collection.

Plaintiff claims that the Government communicated "its intention to release the

aircraft to Performance in the very near future." Accordingly, it seeks a temporary restraining order and preliminary injunction barring the Defendants from liquidating, disposing, destroying, using, selling, transferring, and/or transporting the aircraft from their current locations in Texas and Florida once the Government releases them, unless it first obtains leave from this Court.

A temporary restraining order is an "extraordinary remedy." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Rule 65(b) provides the requirements for obtaining a TRO:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). The movant must also show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [temporary restraining order] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). These stringent requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990).

The Court finds that Plaintiff has not satisfied the requirements of Rule 65(b)(1). First, Plaintiff has not clearly shown that irreparable injury, loss, or damage will result before Defendants can be heard in opposition. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011); *see also Hospice Advantage, LLC v. St. Joseph Hospice, LLC*, 2013 U.S. Dist. LEXIS 53069, at *2-*3 (S.D. Miss. Apr. 12, 2013). Plaintiff has not alleged sufficient facts to demonstrate any injury it may suffer before Defendants can be heard can not be remedied by monetary damages.

The Court also notes that Plaintiff's counsel did not certify in writing any efforts made to provide notice to Defendants and the reasons why such notice should not be required. *Tucker v. Calhoun County Sch. Dist.*, 2016 U.S. Dist. LEXIS 66752, at *3 (N.D. Miss. May 20, 2016) (where attorney did not certify in writing efforts made to give notice, TRO was denied); *see also Hospice Advantage*, 2013 U.S. Dist. LEXIS 53069 at *3.

For these reasons, the Court **denies** Plaintiff's motion [4] with respect to a temporary restraining order, but the Court **holds the motion in abeyance** with respect to a preliminary injunction. The Court will contact the parties or their counsel to schedule a hearing once Defendants have been served.

SO ORDERED AND ADJUDGED this 22nd day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE