IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**REGIONS COMMERCIAL EQUIPMENT**
**FINANCE, LLC**                                                                                 **PLAINTIFF**

V.                                           CIVIL ACTION NO. 2:16-CV-110-KS-JCG

**PERFORMANCE AVIATION, LLC,** *et al.*                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Plaintiff's Amended Motion for Leave to File [40] a Second Amended Complaint, **denies** Plaintiff's Motion to Amend [24] the pleadings to conform to issues tried by consent, and **grants** Plaintiff's Motion to Strike [32] Defendants' jury demand.

## I. BACKGROUND

This is a breach of contract dispute. Plaintiff financed Defendant Performance Aviation LLC's purchase of two aircraft. The loans were secured by security agreements granting Plaintiff a security interest in the aircraft themselves and guaranty agreements executed by Defendants Wade Walters Consulting, Inc., Prime Care Revenue Management, LLC, Prime Care Management Group, LLC, Wade Walters, and Dorothy Walters.

On January 20, 2016, the United States seized the aircraft pursuant to a criminal investigation. Plaintiff claims that Defendants have defaulted on the terms of their loan agreements because they failed to make regular payments and because the government seizure constitutes an event of default under the loan documents.

Accordingly, Plaintiff accelerated the amount owed on each aircraft.

Plaintiff claims that the government communicated its intention to release the aircraft in the near future. Plaintiff filed this suit in July 2016 [1], asserting that Defendants breached various contracts related to the loans. Plaintiff seeks the amount due on each loan, attorney's fees, costs, interest, and injunctive relief.

On the same day Plaintiff filed its Verified Complaint [1], it filed a Motion [4] for a temporary restraining order and preliminary injunction. Plaintiff sought entry of an order enjoining Defendants from liquidating, disposing, destroying, using, selling, transferring, and/or transporting the aircraft from their current locations once the government releases them. The Court denied the motion [11] with respect to the request for a temporary restraining order, but it held the motion in abeyance with respect to the request for a preliminary injunction.

On August 23, 2016, the Court held a hearing on Plaintiff's request for a preliminary injunction. After hearing the parties' evidence and argument, the Court granted the motion and enjoined Defendants from liquidating, disposing, destroying, using, selling, transferring, and/or transporting the aircraft. However, the Court denied Plaintiff's request for immediate possession of the aircraft insofar as it was outside the scope of relief requested in Plaintiff's pleadings. The Court now addresses several motions filed by Plaintiffs, which are all finally ripe for review.

## II. AMENDED MOTION FOR LEAVE TO FILE [40]

First, the Court grants Plaintiff's Amended Motion for Leave to File [40] a Second Amended Complaint as unopposed.

### III. MOTION TO AMEND [24]

Next, Plaintiff filed a Motion to Amend [24] its pleadings and the Court's ruling to conform to issues it argues were tried by consent at the preliminary injunction hearing. Specifically, Plaintiff argues that the parties specifically litigated and argued the issue of whether Plaintiff was entitled to immediate possession of the aircraft, rather than just an injunction barring Defendants from selling, using, transporting, or otherwise altering or disposing of the aircraft. Accordingly, Plaintiff contends that the Court should amend its previous order and the pleadings to conform to the issues tried by consent at the hearing, pursuant to Rule 15(b)(2).

Plaintiff seeks the execution of a provisional remedy before it has received a judgment. "Rule 64(a) of the Federal Rules of Civil Procedure allows courts to seize property to the extent allowed by the laws of the state where the court is located." *A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015); *see also* FED. R. CIV. P. 64. Mississippi law provides the provisional remedy of a writ of replevin, with or without notice and a hearing. MISS. CODE ANN. §§ 11-37-101, 11-37-131; *see also* Order, *CSI Compresco Operating, LLC v. Brooks*, No. 2:16-CV-120-KS-MTP (S.D. Miss. Aug. 11, 2016), ECF No. 3 (addressing and applying replevin statutes). In fact, Plaintiff's proposed Verified Second Amended Complaint [40-1], which the Court just granted Plaintiff leave to file, includes a count of replevin, citing MISS. CODE ANN. § 11-37-101, *et seq*.

This Court does not take lightly the execution of a provisional remedy before an entry of judgment. In fact, the Fifth Circuit has questioned the constitutionality of

3

Mississippi's replevin statute, *see In re Foust*, 310 F.3d 849, 858 (5th Cir. 2002), leading the undersigned judge to conclude that, at a minimum, a provisional remedy such as replevin should only be granted where the movant has scrupulously adhered to the relevant rules and statutes. Here, the Court does not believe it was clear from the record or the pre-hearing notice provided to Defendants that Plaintiff sought immediate possession of the aircraft, or that the hearing would constitute a "final hearing" as contemplated by MISS. CODE ANN. § 11-37-131. Indeed, as noted above, Plaintiff's newly amended pleading includes a count of replevin, citing MISS. CODE ANN. § 11-37-101, *et seq.*

For these reasons, the Court denies Plaintiff's Motion to Amend [24] the pleadings and its prior ruling. Plaintiff sought and received leave to file a Verified Second Amended Complaint which includes a count of replevin. Plaintiff is free to comply with the relevant statutes and seek immediate possession pursuant to that claim for relief.

### IV. MOTION TO STRIKE [32]

Plaintiff filed a Motion to Strike [32] Defendants' jury demand, arguing that Defendants waived their right to jury in the loan documents. Defendants oppose the motion, but they only presented argument relevant to Defendant Dorothy Walters.

The Promissory Notes [13-1, 13-2] executed by Defendant Performance Aviation, LLC contained the following provision:

> MAKER HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING UNDER THIS NOTE, THE ABOVE REFERENCED

SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENTS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE FOREGOING, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING; AND MAKER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION THAT IS DECIDED BY COURT TRIAL SHALL BE DECIDED WITHOUT A JURY, AND THAT PAYEE MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT MAKER HERETO TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.

Exhibit 1 to Verified Amended Complaint at 3, *Regions Commercial Equip. Fin. v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Aug. 4, 2016), ECF No. 13-1. Likewise, the Continuing Guaranty Agreement [13-5] executed by Defendants Wade Walters Consulting, Inc., Wade Walters, Dorothy Walters, and Prime Care Revenue Management, LLC includes the following provision: "THE GUARANTORS HEREBY WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY LITIGATION ARISING UNDER THIS GUARANTY." Exhibit 5 to Verified Amended Complaint at 2, *Regions Commercial Equip. Fin. v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Aug. 4, 2016), ECF No. 13-5. Defendants do not dispute the authenticity of these loan documents.

A private litigant may waive its right to a jury in civil cases. *Commodity Futures Trading Com v. Schor*, 478 U.S. 833, 848-49, 106 S. Ct. 3245, 92 L. Ed. 2d 675 (1986). But the waiver must be "voluntary, knowing, and intelligently made." *D. H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174, 186, 92 S. Ct. 775, 31 L. Ed. 2d 124 (1972). Federal courts have considered the following factors in making this determination:

(1) whether there was a gross disparity in bargaining power between the

> parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate the contract terms; (4) whether the clause containing the waiver was inconspicuous; and (5) whether the opposing party was represented by counsel.

*Branch Banking & Trust Co. v. Price*, No. 2:11-CV-23-KS-MTP, 2011 U.S. Dist. LEXIS 129367, at *3-*4 (S.D. Miss. Nov. 8, 2011) (citing cases).

"[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S. Ct. 809, 81 L. Ed. 1177 (1937). However, the Fifth Circuit has not addressed whether the movant or opposing party bears the burden of proof on a motion to enforce a contractual waiver of the right to trial by jury. *See RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex. 2002); *Westside-Marrero Jeep Eagle v. Chrysler Corp.*, 56 F. Supp. 2d 694, 707 (E.D. La. 1999). Circuits are split on this issue. *See Bakrac, Inc. v. Villager Franchise Sys.*, 164 F. App'x 820, 823 n. 1 (11th Cir. 2006) (citing *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 435 n. 4 (7th Cir. 1997) (collecting cases)). The Court will assume, without deciding, that Plaintiff, as the movant, has the burden of proof.

First, the Court notes that "jury trial waivers are common in loan agreements and loan guarantees, and these are regularly enforced." *Westside-Marrero*, 56 F. Supp. 2d at 706 (citing cases). Therefore, Defendant's need for financing is not sufficient to demonstrate a gross disparity in bargaining power. "To invalidate a waiver provision, . . . the bargaining differential must be the kind of 'extreme bargaining disadvantage' or 'gross disparity in bargaining power' that occurs only in certain exceptional

circumstances." *Id.* at 709. The Court notes that Defendants Wade and Dorothy Walters are the principles of the Defendant corporations, and they are not without financial means. In addition to the aircraft at issue in this case, the government seized a considerable amount of funds deposited in various bank accounts. Therefore, the Court concludes that Defendants could have sought financing from a different source if they objected to the jury waiver provisions, or they could have simply paid out of pocket. This factor weighs in favor of enforcing the waivers.

Second, Defendants conceded at the preliminary injunction hearing [33-1] that Defendant Wade Walters is a sophisticated businessman, and it is undisputed that he is one of the principles of the three corporate Defendants – Performance Aviation, LLC, Prime Care Revenue Management, LLC, and Prime Care Management Group, LLC. As for Defendant Dorothy Walters, Defendants presented her affidavit [39-1], in which she claims that she "has no business experience," has "no experience in lending or banking," and is "not actively engaged in the day-to-day operations of the companies or in corresponding with Regions regarding the companies' financial matters." However, Dorothy Walters signed the same document as her husband on the same date [13-5], mitigating her alleged lack of sophistication. This factor is neutral.

Third, Dorothy Walters stated in her affidavit [39-1] that she "was never informed that any of the documents were negotiable," and that she was "only instructed to 'sign here' by" Plaintiff. However, Walters does not claim that she attempted to negotiate the terms of the guaranty agreement and was not permitted to do so, or that she even desired to negotiate the terms of the guaranty. "Simply because

7

[the parties] did not attempt to negotiate the provisions does not mean that, in fact, the waiver or other terms in the contracts were not negotiable." *Id.* at 707 (citing *Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 604 (S.D.N.Y. 1999)). This factor is neutral.

Fourth, the waiver provisions are not less conspicuous than the other provisions of the contracts in which they are located. In both the Promissory Notes [13-1, 13-2] and the Guaranty Agreement [13-5], the waiver provisions were printed in the same font size as the surrounding provisions, but they were in all capitalized letters, distinguishing them from the surrounding provisions. They are not in smaller print than the rest of the documents or sandwiched between more prominent text. Even if Defendants declined to read the contracts they entered, a cursory glance through the documents would have revealed that the jury waivers were important. *Id.* at 708. This factor weighs in favor of enforcing the waivers.

Finally, Defendant Dorothy Walters stated [39-1] that she was "not represented by any attorney in relation to [the] transaction." Once again, though, the Court notes that it is undisputed that Defendant Wade Walters is a sophisticated businessman, and Dorothy Walters signed the same documents as he did on the same day. Nevertheless, this factor weighs against enforcing the waivers.

In summary, the record does not reflect a gross disparity in bargaining power among the parties. Defendants Wade and Dorothy Walters possessed substantial assets at the time of the relevant transaction, and they were the principals for the Defendant corporations. It is undisputed that Wade Walters is a sophisticated

businessman, and his wife, Dorothy, signed the same documents as he did on the same day. The jury waivers were set apart from the other provisions of the documents in all-capitalized letters. Despite Dorothy Walters' alleged lack of sophistication and Defendants' lack of legal representation with respect to the transaction, the Court concludes that the circumstances surrounding the execution of the loan documents demonstrate that Defendants voluntarily, knowingly, and intelligently waived their right to a jury trial. *D. H. Overmeyer Co.*, 405 U.S. at 186. The Court grants Plaintiff's Motion to Strike [32].

## V. CONCLUSION

For the reasons above, the Court **grants** Plaintiff's Amended Motion for Leave to File [40] a Second Amended Complaint, **denies** Plaintiff's Motion to Amend [24] the pleadings to conform to issues tried by consent, and **grants** Plaintiff's Motion to Strike [32] Defendants' jury demand.

SO ORDERED AND ADJUDGED this 8th day of November, 2016.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE