IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**REGIONS COMMERCIAL EQUIPMENT**
**FINANCE, LLC**                                                                                      **PLAINTIFF**

V.                                       CIVIL ACTION NO. 2:16-CV-110-KS-JCG

**PERFORMANCE AVIATION, LLC,** *et al.*                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendants' Motion [65] to determine the applicable law, **grants** Plaintiff's Motion to Strike [61] Defendants' Notice of Jury Demand [56], **denies** Defendants' Motion to Dismiss [51], and **grants** Plaintiff's Motion [48] for an order directing the Clerk to issues summons for a replevin hearing.

### I. BACKGROUND

The Court previously discussed the factual and procedural background of this case. *See Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG, 2016 U.S. Dist. LEXIS 96658 (S.D. Miss. July 22, 2016); *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG, 2016 U.S. Dist. LEXIS 154782 (S.D. Miss. Nov. 8, 2016). On November 9, 2016, Plaintiff filed a Verified Second Amended Complaint [47], which included a specific claim of replevin. Two days later, Plaintiff filed a Motion [48] for the Court to direct the Clerk to issue summons for a replevin hearing.

Defendants objected [49] to the motion and filed a Motion to Dismiss [51] the replevin claim. Later, Defendants filed a Notice of Jury Demand [56] – despite the

Court's prior Order [45] granting Plaintiff's Motion to Strike [32] their initial jury demand – and Plaintiff promptly filed a Motion to Strike [61] it. Finally, Defendants filed a Motion to Determine [65] the law applicable in this case. All pending motions are ripe for the Court's review.

## II. MOTION TO DETERMINE APPLICABLE LAW [65]

Defendants filed a motion for the Court to determine that Mississippi law applies to all issues in this case. In response, Plaintiff argues that Alabama law applies, as provided in the loan documents.

Indeed, the Promissory Notes executed by Defendant Performance Aviation, LLC provide: "THIS NOTE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE STATUTES AND LAWS OF THE STATE OF ALABAMA . . . ." Exhibit 1 to Second Amended Complaint at 4, *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Nov. 9, 2016), ECF No. 47-1; Exhibit 2 to Second Amended Complaint at 4, *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Nov. 9, 2016), ECF No. 47-2.

Likewise, the Aircraft Security Agreements executed by Performance provide: "THIS AGREEMENT, THE NOTE AND ANY GUARANTY . . . SHALL BE GOVERNED IN ALL RESPECTS BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF ALABAMA . . . ." Exhibit 3 to Second Amended Complaint at 10, *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Nov. 9, 2016), ECF

No. 47-3; Exhibit 4 to Second Amended Complaint at 10, *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Nov. 9, 2016), ECF No. 47-4.

Finally, the Continuing Guaranty Agreements executed by Defendants Wade Walters Consulting, Inc., Prime Care Revenue Management, LLC, Prime Care Management Group, LLC, Wade Walters, and Dorothy Walters provide: "This Guaranty shall be governed by, and construed in accordance with, Alabama law." Exhibit 5 to Second Amended Complaint at 2, *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG (S.D. Miss. Nov. 9, 2016), ECF No. 47-5.

A federal court sitting in diversity is bound to follow the substantive law of the forum state, including that state's choice-of-law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941); *see also Sorrels Steel Co., Inc. v. Great Sw. Corp.*, 906 F.2d 158, 167 (5th Cir. 1990). Under Mississippi law, Courts must "give effect to an express agreement that the laws of a specified jurisdiction shall govern, particularly where some material element of the contract has a real relation to, or connection with, such jurisdiction. The intention of the parties as to the law governing [the transaction] will be respected in the absence of anything violating the public policy of the forum jurisdiction." *Miller v. Fannin*, 481 So. 2d 261, 262 (Miss. 1985); *see also Herring Gas Co. v. Magee*, 22 F.3d 603, 607 (5th Cir. 1994) ("Under Mississippi law, contracting parties can decide which state's law will govern their agreement."). Therefore, barring some meritorious defense to enforcement of the

3

contracts, the Court will respect the parties' agreement and apply Alabama law.

First, Defendants contend that the loan documents are unenforceable contracts of adhesion. "A contract of adhesion has been described as one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 716 (Miss. 2002). Such contracts are not automatically void, though. *Id.* Contracts of adhesion are "procedurally unconscionable only where the stronger party's terms are unnegotiable and the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." *Id.*

Defendants provided no evidence regarding the market factors, timing, or other pressures surrounding the execution of the loan documents. They have not demonstrated that they were unable to contract with another party on more favorable terms, or that they could not refrain from contracting altogether. In fact, this Court previously noted that Defendants Wade and Dorothy Walters, the principals of the corporate Defendants, had substantial assets at the time of the transactions at issue, which were later seized by the government. Defendants could have sought alternative financing, or they could have paid for the planes outright. Therefore, the loan documents are not unenforceable contracts of adhesion.

Defendants also argue that the loan documents are ambiguous and must be construed against Plaintiff, the party who drafted them. First, Defendants note that the Promissory Notes contain the following language: "Borrower [Performance] hereby

4

expressly submits to the jurisdiction and venue of all federal and state courts located in the State of Alabama, Jefferson County . . . ." Exhibits 1 and 2 [47-1, 47-2], at 3. This language creates no ambiguity, as jurisdiction and venue are a separate issue from choice of law.

Next, Defendants apparently argue that the Aircraft Security Agreements' definition of the term "Applicable Law" creates an ambiguity as to the parties' choice of law. The Security Agreements provide:

> "Applicable Law" shall mean all statutes, laws, ordinances, rules, regulations and court or administrative orders of any Government Authority applicable to the person, party, conduct, question, covenant, or Collateral in question, including all applicable common law and equitable principles, state, and federal constitutions, statutes, rules, regulations, and orders of governmental bodies and all judicial orders, judgments and decrees and including any of the foregoing applicable to the registration, use, ownership, operation, maintenance, overhauling, or condition of the Collateral, or any part thereof.

Exhibits 3 and 4 [47-3, 47-4], at 1. This section creates no ambiguity as to the parties' choice of law for the construction and enforcement of the contract, as it merely defines the term "Applicable Law," as used within the contract. Defendants did not direct the Court to any contract language providing that "Applicable Law," as defined above, governs the construction and enforcement of the contract. Rather, the parties explicitly chose Alabama law.

Finally, Defendants argue that the Court must not enforce the parties' choice of law because the State of Mississippi has a strong interest in protecting the rights of debtors and guarantors. Defendants apparently contend that applying Alabama law would violate the public policy of the State of Mississippi. *Miller*, 481 So. 2d at 262.

However, Defendants failed to demonstrate how applying Alabama law would violate Mississippi public policy. They cited no Alabama law and provided no analysis of the issues presented by this case. They represented – without providing any legal citation – that Alabama has not fully adopted the UCC, as Mississippi purportedly has done. This is insufficient to demonstrate that applying Alabama law would run contrary to Mississippi public policy. Indeed, the Court does not "refrain from applying the chosen law merely because this would lead to a different result than would be obtained under the local law of the state of the otherwise applicable law." *PIC Group, Inc. v. LandCoast Insulation, Inc.*, 718 F. Supp. 2d 795, 800 (S.D. Miss. 2010).

For these reasons, the Court denies Defendants' Motion [65] to determine the applicable law.[1]

### III. MOTION TO STRIKE [61]

Plaintiff argues that the Court should strike Defendants' second jury demand for the same reasons provided in the Court's prior order striking their first jury demand. *See Regions Commer. Equip. Fin., LLC*, 2016 U.S. Dist. LEXIS 154782 at *6-*11. In response, Defendants argue that MISS. CODE ANN. § 11-37-147 grants them the right to a trial by jury on Plaintiff's replevin claim, which they contend falls outside the

---

[1]Defendants devoted a substantial portion of their briefing to Mississippi's center-of-gravity test. Because the Court finds that the loan documents included enforceable choice-of-law provisions, there is no need to conduct the center-of-gravity analysis. *Auto Parts Mfg. Miss. v. King Constr. of Houston, LLC*, 74 F. Supp. 3d 744, 756 n. 11 (N.D. Miss. 2014). To the extent Defendants raised any additional arguments for the first time in their reply brief, the Court will not consider them. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005).

scope of the loan documents' jury waivers.

The jury waiver provision in the promissory notes [47-1, 47-2] executed by Defendant Performance Aviation, LLC applies to "ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION . . . IN ANY WAY CONNECTED WITH OR RELATED TO" the loan documents. Likewise, the jury waiver provision in the Continuing Guaranty Agreement [47-5] executed by Defendants Wade Walters Consulting, Inc., Wade Walters, Dorothy Walters, and Prime Care Revenue Management, LLC applies to "ANY LITIGATION ARISING UNDER THIS GUARANTY."

This litigation arises under and is related to the promissory notes and guaranty insofar as Plaintiff seeks to enforce the loan documents. Although one of the remedies Plaintiff seeks – replevin – may be a creature of statute under Mississippi law, that has no bearing on the fundamental nature of the litigation, which is the enforcement of the loan documents. Although Defendants have a statutory right to a jury trial in connection with a replevin, *see* MISS. CODE ANN. § 11-37-147, they may waive that right. *See, e.g. Keelon v. Davis*, 475 F. Supp. 204, 205 (N.D. Miss. 1979) (where parties waived jury trial, replevin was tried to the court); *G. A. C. Trans-World Acceptance Corp. v. Migrothy*, 230 So. 2d 577 (Miss. 1970) (replevin tried to court, jury having been waived). As the Court found in its previous opinion, *Regions Commer. Equip. Fin., LLC*, 2016 U.S. Dist. LEXIS 154782 at *6-*11, Defendants waived their right to a jury trial. Accordingly, the Court **grants** Plaintiff's Motion to Strike [61] Defendants' second jury demand.

### IV. MOTION TO DISMISS [51]

Defendants filed a Motion to Dismiss [51] Plaintiff's replevin claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). When considering a Rule 12(b)(6) motion, the Court may also consider documents referred to in the operative pleading and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, the Court may rely on "briefs and oral arguments in connection with the motion . . . ." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007).

Defendants argue that Plaintiff failed to plead a viable replevin claim because 1) replevin can not be maintained against one not in possession of the property, and

2) this Court has no jurisdiction over a replevin under MISS. CODE ANN. § 11-37-101.[2] Neither argument has merit, and Defendants' motion must be denied.

To initiate a replevin action with notice to the adverse party and a hearing, one must "file a declaration under oath setting forth these matters shown in subparagraphs (a) through (e) of Section 11-37-101 . . . ," the elements of a replevin without notice and a hearing. MISS. CODE ANN. § 11-37-131.[3] Therefore, Plaintiff's Verified Second Amended Complaint [47] must contain allegations of the following elements:

(a)  A description of any personal property;

(b)  The value thereof, giving the value of each separate article and the value of the total of all articles;

(c)  The plaintiff is entitled to the immediate possession thereof, setting forth all facts and circumstances upon which the plaintiff relies for his claim, and exhibiting all contracts and documents evidencing his claim;

(d)  That the property is in the possession of the defendant; and

(e)  That the defendant wrongfully took and detains or wrongfully detains the same . . . .

---

[2]In their Reply [63], Defendants also argued that "nothing about the replevin is proper," and that Mississippi's replevin statute is unconstitutional. The Court does not consider arguments raised for the first time in reply. *Wallace*, 400 F.3d at 292.

[3]Although Alabama law applies to Plaintiff's substantive claims, as explained above, the Federal Rules of Civil Procedure incorporate "every remedy . . . available . . . under the law of the state where the court is located . . . ." FED. R. CIV. P. 64(a). Accordingly, the Court refers to Mississippi law with respect to Plaintiff's claim for replevin, which is a provisional remedy.

MISS. CODE ANN. § 11-37-101(a)-(e).

Defendants argue that Plaintiff specifically alleged that the subject aircraft are in the possession of the United States, and, therefore, that it has not alleged sufficient allegations to support a replevin claim. However, the Mississippi Supreme Court has held that an action for replevin may be maintained where the defendant has constructive, rather than actual, possession of the disputed property. *See GMAC v. Fairley*, 359 So. 2d 1386, 1388 (Miss. 1978). "Constructive possession" is "possession not actual but assumed to exist, where one *claims* to hold by virtue of some title, without having the actual occupancy . . . ." *Searcy v. Tomlinson Interests, Inc.*, 358 So. 2d 373, 375 (Miss. 1978). It is also defined as "[c]ontrol or dominion over a property without actual possession or custody of it." *Black's Law Dictionary* 1351 (10th ed. 2014).

It is undisputed that Defendant Performance Aviation, LLC holds title to the aircraft. Likewise, it is undisputed that Defendants Wade and Dorothy Walters are the only members of Performance Aviation, LLC. In teleconferences with the Court on December 15 and 20, 2016, Assistant United States Attorney Pamela Hicks represented to the Court that the Government was ready to release the planes, and that the only reason they had not already been released to Defendants was this Court's preliminary injunction order [25]. Accordingly, the Court finds that Defendants have constructive possession of the aircraft.

Moreover, "[i]n an action of replevin, it is particularly necessary to consider the nature of the personal property replevied." *Hung Kwong Leung v. Law*, 247 So. 2d 695,

10

696 (Miss. 1971). For example, if a "plaintiff must prove by an eyewitness that defendant had possession of the property at the very moment suit was filed, then it would be virtually impossible to successfully bring a replevin action for small items of personal property such as jewelry." *Id.* Likewise, an airplane is a large, mobile item of personal property that is frequently housed in a hangar owned and/or managed by another party. For example, the aircraft at issue here were not held by Defendants in Hattiesburg, Mississippi, before they were seized by the government. Rather, they were – and remain – housed in hangars in Houston, Texas, and Fort Lauderdale, Florida. Therefore, the Court's definition of "possession" should emphasize control or dominion over the property, rather than actual possession or custody. As explained above, but for this Court's preliminary injunction order [25], the Government would have already released the aircraft to Defendant, to do with as they wish.

    Defendants also argue that this Court lacks jurisdiction over Plaintiff's replevin claim because the statute provides that a replevin petition must be filed before "a judge of the Supreme Court, a judge of the circuit court, a chancellor, a county judge, a justice of the peace or other duly elected judge . . . ." MISS. CODE ANN. § 11-37-131. This argument is nonsense. Rule 64 incorporates "every remedy . . . available . . . under the law of the state where the court is located . . . ." FED. R. CIV. P. 64(a). The rule specifically provides: "The remedies available under this rule include the following – however designated and regardless of whether state procedure requires an independent action: . . . replevin . . . ." FED. R. CIV. P. 64(b). "Although state law ordinarily determines when and how a provisional remedy is obtained, it has no effect

on the underlying action to which the provisional remedy is incident. That action continues to be conducted under the Civil Rules regardless of what procedures the state may employ in suits in which provisional remedies have been obtained." 11A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2932 (3d ed. 2016).

For these reasons, the Court **denies** Defendants' Motion to Dismiss [51] Plaintiff's replevin claim.

### V. MOTION DIRECTING SUMMONS [48]

Plaintiff filed a Motion [48] for the Court to direct the Clerk to issue summons for a replevin hearing. "Rule 64(a) of the Federal Rules of Civil Procedure allows courts to seize property to the extent allowed by the laws of the state where the court is located." *A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015); *see also* FED. R. CIV. P. 64. Mississippi law provides the provisional remedy of a writ of replevin with notice and a hearing:

> If any person, his agent or attorney, shall desire to institute an action of replevin without the necessity of posting bond, and without requesting the immediate seizure of the property in question, he shall file a declaration under oath setting forth these matters shown in subparagraphs (a) through (e) of Section 11-37-101 and shall present such pleadings to a judge of the Supreme Court, a judge of the circuit court, a chancellor, a county judge, a justice of the peace or other duly elected judge, and such judge shall issue a fiat directing the clerk of such court, or a deputy clerk to issue a summons to the defendant, to appear before a court or judge having jurisdiction, as determined by the value of the property as alleged in the declaration, and as outlined in Section 11-37-101, with said process being returnable in termtime or in vacation, upon at least five (5) days' notice, summoning the defendant to appear for a final hearing to determine the rights of the parties as to possession, and upon such final hearing the court shall enter judgment accordingly.

MISS. CODE ANN. § 11-37-131. The party seeking a replevin must file a declaration setting forth the following matters:

    (a)    A description of any personal property;

    (b)    The value thereof, giving the value of each separate article and the value of the total of all articles;

    (c)    The plaintiff is entitled to the immediate possession thereof, setting forth all facts and circumstances upon which the plaintiff relies for his claim, and exhibiting all contracts and documents evidencing his claim;

    (d)    That the property is in the possession of the defendant; and

    (e)    That the defendant wrongfully took and detains or wrongfully detains the same . . . .

MISS. CODE ANN. § 11-37-101.

Plaintiff's Verified Second Amended Complaint [47] contains a description of the aircraft at issue. *See* Verified Second Amended Complaint at 3-4, *Regions Comm. Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-MTP (S.D. Miss. Nov. 9, 2016), ECF No. 47. The pleading also alleges the value of the aircraft. *Id.* at 12. The allegations of the Verified Second Amended Complaint, the exhibits attached thereto, and the admissions of Defendants' counsel in hearings before the Court establish that Plaintiff is entitled to possession of the aircraft. Indeed, Defendants' counsel admitted during a hearing on August 23, 2016, that Defendants had defaulted on the loans.[4] Finally, as explained above, the record demonstrates that Defendants

---

    [4]Defendants argued that Mississippi law entitles them to an opportunity to cure the default, and that Plaintiff had refused the cure. In response, Plaintiff argued that Alabama law applies and requires Defendants to pay the full amount

have and wrongfully maintain constructive possession of the aircraft.

For these reasons, the Court **grants** Plaintiff's Motion [48] to direct the Clerk to issues summons for a final hearing to determine the rights of the parties with respect to the subject aircraft.

### VI. CONCLUSION

For these reasons, the Court **grants** Plaintiff's Motion to Strike [61] Defendants' Notice of Jury Demand [56], **denies** Defendants' Motion [65] to determine the applicable law, **denies** Defendants' Motion to Dismiss [51] Plaintiff's replevin claim, and **grants** Plaintiff's Motion [48] for an order directing the Clerk to issues summons for a replevin hearing.

The Court directs counsel for Plaintiff to submit to the Court via e-mail a proposed summons that complies with the requirements of MISS. CODE ANN. § 11-37-131. The Court will contact the parties' counsel to schedule the replevin hearing. Once the Court chooses a date, it will enter an order to issue summons.

SO ORDERED AND ADJUDGED this    24th    day of January, 2017.

---

owing on the notes, rather than simply bring the payments current. The Court settled this dispute above; the parties chose Alabama law to govern the contracts' construction and enforcement.

                                                         s/Keith Starrett
                                                         UNITED STATES DISTRICT JUDGE