IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGIONS COMMERCIAL EQUIPMENT
FINANCE, LLC                                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 2:16-CV-110-KS-JCG

PERFORMANCE AVIATION, LLC, *et al.*                        DEFENDANTS

### ORDER

The Court discussed the background of this case in prior opinions. *See, e.g.* *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG, 2016 U.S. Dist. LEXIS 96658 (S.D. Miss. July 22, 2016); *Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC*, No. 2:16-CV-110-KS-JCG, 2016 U.S. Dist. LEXIS 154782 (S.D. Miss. Nov. 8, 2016). Each side of this dispute filed a Motion in Limine [98, 101]. For the reasons provided below, the Court **denies** both Defendants' Motion in Limine [98] and Plaintiff's Motion in Limine [101].

**A.    *Defendants' Motion in Limine [98]***

*1.    Election of Remedy*

First, Defendants argue that the Court should prevent Plaintiff from revoking its elected remedy and seeking money damages rather than possession of the unsold aircraft.

Defendants do not seek an evidentiary ruling. Rather, they seek a dispositive ruling as to a specific remedy and/or element of damages. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and

relevance of certain forecasted evidence." *Harkness v. Bauhaus USA, Inc.*, 2015 U.S.

Dist. LEXIS 17926, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). A "motion in

limine is not a substitute for a motion for summary judgment." *Fos v. Wal-Mart Stores*

*East, LP*, No. 3:12-CV-735-LG-JCG, 2015 U.S. Dist. LEXIS 179878, at *7 (S.D. Miss.

June 2, 2015); *see also United States v. Dawn Props.*, No. 1:14-CV-224-LG-JCG, 2016

U.S. Dist. LEXIS 172141, at *9 (S.D. Miss. Dec. 13, 2016); *Marlow LLC v. Bellsouth*

*Telcoms., Inc.*, No. 2:10-CV-135-KS-MTP, 2013 U.S. Dist. LEXIS 3446, at *9-*10 (S.D.

Miss. Jan. 9, 2016). Therefore, the Court denies this aspect of Defendants' motion in

limine.

     2.    *Matters Not Disclosed in Discovery*

    Defendants seek the exclusion of all exhibits which have not been authenticated,

all witnesses not disclosed, all testimony not disclosed, and all expert opinions not

disclosed during discovery.

    "The purpose of motions in limine is not to re-iterate matters which are set forth

elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify

*specific* issues which are likely to arise at trial, and which, due to their complexity or

potentially prejudicial nature, are best addressed in the context of a motion in limine."

*Maggette v. BL Dev. Corp.*, 2011 U.S. Dist. LEXIS 58077, 2011 WL 2134578, at *4

(N.D. Miss. May 21, 2011). Therefore, the Court denies this aspect of Defendants'

motion in limine without prejudice to Defendants' right to raise specific issues at trial.

     3.    *Attorney's Fees*

    Defendants seek the exclusion of all evidence related to Plaintiff's attorney's

fees, apparently on the basis that Plaintiff is not entitled to attorney's fees. As noted above, a "motion in limine is not a substitute for a motion for summary judgment." *Fos*, 2015 U.S. Dist. LEXIS 179878 at *7. The Court denies this aspect of Defendants' motion in limine.

### 5.    *Monetary Damage*

Defendants argue that Plaintiff should be barred from seeking any monetary damages. As noted above, a "motion in limine is not a substitute for a motion for summary judgment." *Id.* The Court denies this aspect of Defendants' motion in limine.

## B.    *Plaintiff's Motion in Limine [101]*

### 1.    *Election of Remedies*

Plaintiff argues that Defendants should be barred from raising the doctrine of election of remedies because they failed to plead it as an affirmative defense, and because the doctrine does not apply here. As noted above, a "motion in limine is not a substitute for a motion for summary judgment." *Id.* The Court denies this aspect of Plaintiff's motion in limine.

### 2.    *Commercial Reasonableness*

Plaintiff argues that Defendants should be barred from raising the issue of whether Plaintiff marketed the aircraft in a commercially reasonable manner because they failed to plead it as an affirmative defense or counterclaim. Plaintiff also argues that it acted in a commercially reasonable manner. As noted above, a "motion in limine is not a substitute for a motion for summary judgment." *Id.* The Court denies this aspect of Plaintiff's motion in limine.

*3.    Necessary Parties*

Finally, Plaintiff argues that the Court should bar Defendants from arguing that it failed to join a necessary and indispensable party because Defendants failed to raise Rule 19 in their responsive pleading or by motion. As noted above, a "motion in limine is not a substitute for a motion for summary judgment." *Id.* The Court denies this aspect of Defendants' motion in limine.

SO ORDERED AND ADJUDGED this __14th__ day of July, 2017.


___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE